UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-46-RJC-DSC

| XPO LOGISTICS, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DHRUV BANSAL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Plaintiffs' Motion for a Preliminary Injunction. (Doc. Nos. 4–6.)

Plaintiff XPO Logistics, Inc. filed a Motion for a Preliminary Injunction on February 11, 2021 against Defendant Dhruv Bansal. In the Motion, Plaintiff seeks a Preliminary Injunction prohibiting Defendant from performing services for a competing business in a business area of competition. (Doc. No. 4 at 1.) Plaintiff indicates that Defendant was a previous employee of the Plaintiff, and that Defendant had since agreed to work for a competitor in violation of his prior Confidential Information Protection Agreement (CIPA) with the Plaintiff. (Id. at 1–2.)

On November 4, 2020, Plaintiff XPO Logistics, Inc. filed a Motion for a Temporary Restraining Order and a Preliminary Injunction in state court. (Doc. No. 1-1 at 2.) On November 9, 2020, the state court issued a Temporary Restraining Order (TRO) enjoining Defendant Bansal from violating the non-competition covenant in the CIPA, and ruled that the TRO would remain in place until the Preliminary Injunction

1

hearing. (Doc. No. 1-1 at 44–45.) Defendant removed the case to federal court on January 29, 2021. (Doc. No. 1.) Plaintiff's brief states that Defendant has indicated that the state court's TRO expires 14 days after removal, while Plaintiff argues instead that under Rule 65 this TRO does not expire within that timeframe. (Doc. No. 4 at 2.)

Whether or not the state court's TRO expired after 14 days, this Court has the power to issue a TRO of its own given that the case has been removed to federal court. Fed. R. Civ. P. 65. Based on a review of the docket, this Court agrees with the state court that the Plaintiff has filed a verified complaint alleging that immediate and irreparable injury will result to the movant before the Defendant can be heard in opposition, and that Plaintiff has provided sufficient reasons that additional notice is not required. Plaintiff has made a showing that Defendant signed a non-compete agreement which barred him from working for a competitor within one year, and also that less than one year later Defendant agreed to work for a competitor in an area of competition with the Plaintiff. (Doc. No. 5; Doc. No. 1-1.)

Based on the evidence and allegations presented by Plaintiff, in the words of the state court, Plaintiff has "demonstrated a likelihood of success on the merits of its breach of contract claim against Defendant Bansal and that the relief requested in the Motion is necessary and appropriate to prevent irreparable and continuing harm to XPO and is necessary for the protection of XPO's rights during the course of litigation." (Doc. No. 1-1 at 45.) This Court agrees and will issue the same TRO, which will remain in place until the Preliminary Injunction hearing, which this Court will set for February 25, 2021.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Bansal is enjoined and restrained from violating the non-competition covenant set forth in the Confidential Information Protection Agreement by performing services for a Competing Business, including Hub, in any area, division, or segment that competes with XPO;

2. Under Fed. R. Civ. P. 65, this Order shall be binding on Defendant Bansal, his agents, his attorneys, and those persons in active concert or participation with Defendant Bansal who receive actual notice of this Order;

3. This Order shall remain in effect until the hearing on the Motion for Preliminary Injunction;

4. Plaintiffs' Motion for Preliminary Injunction (Docs. Nos. 4–6) is set for a hearing on February 25, 2021; and

5. Defendant shall file a Response to Plaintiffs' Motion for Preliminary Injunction (Docs. Nos. 4–6) by close of business on Monday, February 22. Plaintiffs shall Reply by close of business on Wednesday, February 24.

**SO ORDERED.**

Signed: February 17, 2021

Robert J. Conrad, Jr.
United States District Judge